UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY COCKROFT,
    Plaintiff,

vs

BILLY STARKEY, *et al.*,
    Defendants.

Case No. 1:21-cv-676

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Chillicothe Correctional Institution (CCI), brings this civil rights action under 42 U.S.C. § 1983 against defendants Billy Starkey, Warden Wanda Jackson, Nurse Rebecca Craft, and Doctor William Harlan. Plaintiff has filed a motion to file an amended complaint (Doc. 2), which is hereby **GRANTED.**

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. See also § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

---

[1] Formerly 28 U.S.C. § 1915(d).

2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In the amended complaint, plaintiff alleges that on December 30, 2020, while at the Warren Correctional Institution, plaintiff was transported by defendant C/O Starkey to unit 3C in a Gator motor vehicle. (Doc. 2 at PageID 36–37). Plaintiff claims that he was placed in restraints, including handcuffs around his wrists and a belt around his waist. According to plaintiff, Starkey failed to secure plaintiff in the vehicle with a seatbelt. He further alleges that

3

when Starkey drove in reverse, plaintiff fell out of the vehicle and sustained injuries to his head and back.

Plaintiff claims that Starkey and his supervisors told plaintiff to get up, but that plaintiff refused due to his back hurting. (*Id.* at PageID 37–38). Plaintiff alleges that the supervisors had Starkey "call medical emergency." (*Id.* at PageID 38). Medical staff requested a gurney and plaintiff was taken to the infirmary, where he was examined by defendant Nurse Craft. Plaintiff claims that after informing Craft that his back hurt, that she had plaintiff placed in the back of the infirmary "to see if [plaintiff would] come around and start to feel better." (*Id*. at PageID 39). Plaintiff claims that after resting he did not feel better and was subsequently taken out of the infirmary.

On December 31, 2020, the following day, plaintiff claims he saw defendant Dr. Harlan. Plaintiff indicates that he told Harlan what happened, that his back was hurting, and that he had a knot on his forehead. According to plaintiff, Harlan commented that he heard about someone falling out of the Gator, but disregarded plaintiff's injuries and instead focused on his blood pressure. Plaintiff claims that Harlan did not provide him with pain medication or any other treatment. Plaintiff further claims that his back and head injuries persisted and required additional medical visits. (*Id.* at PageID 40).

Plaintiff claims that he was initially given a conduct report for disobeying Starkey's order for plaintiff to get up after falling out of the vehicle. However, according to plaintiff, the conduct report was subsequently "thrown out" by the Rules Infraction Board. (*Id.* at PageID 38).

Although plaintiff does not specify the relief sought in the amended complaint, in the

4

original complaint plaintiff sought monetary damages. (*See* Doc. 1-1, Complaint at PageID 22).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, construing plaintiff's pro se complaint liberally, and in an abundance of caution, the undersigned concludes that plaintiff may proceed with his deliberate indifference claim against Dr. Harlan, based on plaintiff's allegation that this defendant denied him all medical treatment in connection with his injuries. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint should be dismissed against defendant warden Wanda Jackson. Although this defendant was listed as a defendant to the original complaint (*See* Doc. 1-1, Complaint at PageID 17), neither the original nor the amended complaint include any factual allegation against Jackson. Absent any allegation of wrongdoing, plaintiff has failed to state a claim upon which relief can be granted against defendant Jackson.

The complaint should also be dismissed as to defendant Starkey. As noted above plaintiff claims that Starkey failed to secure him with a seatbelt and was driving the vehicle when plaintiff sustained his injuries. However, the mere fact that plaintiff was not transported with a seatbelt is insufficient to state a claim under § 1983, which requires a showing that he was deprived of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). *See Shaw v. Dayton*, 183 F. Supp. 3d 876, 886 (S.D. Ohio 2016) (collecting cases) ("courts have consistently held that the failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, Case No. 5:06-cv-188, 2009 WL 901917, at *2 (S.D. Miss. Mar. 31, 2009) (collecting cases) ("Many courts . . . have held that there is no constitutional right of a prisoner to the use of a seatbelt while being

transported, and that while failure to seatbelt a prisoner may give rise to a claim of negligence, it does not give rise to a cognizable constitutional claim."). Plaintiff's factual allegations are insufficient to suggest that Starkey was deliberately indifferent to his safety. To the extent that plaintiff otherwise contends that Starkey was negligent in transporting plaintiff or operating the vehicle, such claim is not cognizable under section 1983. Mere negligence is insufficient to state a claim of constitutional dimension under § 1983. *See, e.g.*, *Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983").

Furthermore, to the extent that plaintiff seeks to hold Starkey liable for issuing a conduct report against him, this claim must also be dismissed. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff's allegations are insufficient to trigger constitutional concerns in this case because he has not alleged any facts even remotely suggesting that any disciplinary action deprived him of a protected liberty interest.

Finally, the complaint should be dismissed against defendant Nurse Craft. As noted above, plaintiff claims that Nurse Craft examined his injuries and provided him with rest in the

6

infirmary before plaintiff saw the doctor the following day. In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860–61 n. 5 (6th Cir. 1976). It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind .'" *Estelle,* 429 U.S. at 105-106. Plaintiff's allegations against Nurse Craft in this case do not rise to the level of deliberate indifference under the Eighth Amendment. Accordingly, Craft should be dismissed as a defendant to this action.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment deliberate indifference claim against defendant Dr. Harlan in his individual capacity. Having found that plaintiff's remaining claims fail to state a claim upon which relief may be granted, these claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's Eighth Amendment deliberate indifference claim

against defendant Dr. Harlan in his individual capacity.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to file an amended complaint (Doc. 2) is **GRANTED.**

2. The United States Marshal shall serve a copy of the amended complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Dr. Harlan, with costs of service to be advanced by the United States.

3. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 3/31/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY COCKROFT,                   Case No. 1:21-cv-676
    Plaintiff,

                                                         Black, J.
    vs                                                Litkovitz, M.J.

BILLY STARKEY, *et al.*,
    Defendants.

## NOTICE

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).