UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY COCKROFT, | : | Case No. 1:21-cv-676 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| BILL STARKEY, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. 28 U.S.C. § 636(b). Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on April 1, 2022, submitted a Report and Recommendations. (Doc. 6). Plaintiff filed objections. (Doc. 9).[1] Interested Party the State of Ohio responded to those objections. (Doc. 10).

Plaintiff, an inmate at Chillicothe Correctional Institution, asserts a complaint arising from injuries sustained during a transport in a Gator motor vehicle on December 30, 2020. (Doc. 5). Plaintiff brings his complaint against the correctional officer who drove the Gator motor vehicle, Bill Starkey; two treating medical providers, Dr. William Harlan and Nurse Rebecca Craft; and Warden Wanda Jackson. The Magistrate Judge

---

[1] Plaintiff filed a motion for extension of time to file objections on April 15, 2022. (Doc. 8). For good cause shown, that motion (Doc. 8) is **GRANTED** and the Court will consider Plaintiff's objections as timely filed.

recommends dismissing all claims except Plaintiff's Eighth Amendment claim against Dr. Harlan. (Doc. 6).

In his objections, Plaintiff does not address the recommendation to dismiss Nurse Craft. With regards to Warden Jackson, Plaintiff concedes that Warden Jackson was not involved in the incident, but argues that the claims against Warden Jackson should remain because the Warden generally owes a duty to Plaintiff as the Warden on the institution. (Doc. 9 at 4). However, as the Magistrate Judge recognized, Plaintiff cannot sustain a claim against the Warden without any factual allegations of wrongdoing against the Warden. (Doc. 6 at 5). *See also Zakora v. Chrisman*, 44 F.4th 452, 475 (6th Cir. 2022) ("supervisory liability requires some active unconstitutional behavior on the part of the supervisor") (citations omitted). Thus, the recommendation to dismiss with prejudice claims against Nurse Craft and Warden Jackson is adopted.

Turning to Starkey, the driver of the Gator motor vehicle, Plaintiff alleges that Starkey failed to restrain him with a seatbelt, leading to his injuries. (Doc. 5). Without the benefit of any briefing and based solely on the amended complaint, the Magistrate Judge construed Plaintiff's claim against Starkey as a claim for money damages arising from 28 U.S.C. § 1983. The Magistrate Judge then correctly recognized that failure to restrain an inmate with a seatbelt or mere negligence cannot give rise to a constitutional violation. (Doc. 6 at 5-6). Plaintiff does not object to this conclusion. Thus, to the extent Plaintiff asserts a § 1983 against Starkey, the recommendation to dismiss with prejudice is adopted.

However, in his objections, Plaintiff attempts to clarify his claim against Starkey as a state-law negligence claim. (Doc. 9). Plaintiff cites exclusively Ohio state negligence cases and applies negligence elements to his pleading. (*Id.*) Yet, liberally construing Plaintiff's allegations as a common law negligence claim against Starkey, the Court cannot exercise supplemental jurisdiction over the claim because Plaintiff fails to allege that he received a determination from the Ohio Court of Claims that Starkey is not entitled to immunity. *See, e.g.*, *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989) ("state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity"); Ohio Rev. Code § 2743.02(F). Thus, to the extent Plaintiff asserts a negligence claim against Starkey, that claim is dismissed without prejudice.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendations should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendations (Doc. 6) is **ADOPTED**.

2. Plaintiff's motion for extension of time (Doc. 8) is **GRANTED**.

3. Plaintiff's objections (Doc. 9) are **OVERRULED**.

4. Plaintiff's complaint against Nurse Craft and Warden Jackson is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. Plaintiff's complaint against CO Starkey, to the extent he asserts a 28 U.S.C. § 1983 claim, is **DISMISSED with prejudice** pursuant to 28 U.S.C.

§ 1915(e)(2)(B). Plaintiff's complaint against CO Starkey, to the extent he asserts a state negligence claim, is **DISMISSED without prejudice**.

6. Plaintiff's Eighth Amendment deliberate indifference claim against defendant Dr. Harlan in his individual capacity remains.

7. The Court **CERTIFIES** that pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 10/13/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge