UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY COCKROFT,
    Plaintiff,

vs.

BILLY STARKEY, et al.,
    Defendants.

Case No. 1:21-cv-676
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Anthony Cockroft, a former inmate at the Warren Correctional Institution ("WCI"), filed this pro se prisoner civil rights action under 42 U.S.C. § 1983 alleging that defendant WCI Dr. William Harlan ("Dr. Harlan" or "defendant") was deliberately indifferent to plaintiff's medical needs in violation of his Eighth Amendment rights. (Doc. 2). This matter is before the Court on defendant's motion for summary judgment (Doc. 30), plaintiff's motion for summary judgment (Doc. 34), defendant's response in opposition (Doc. 35), and plaintiff's reply memorandum (Doc. 36).[1]

I.  **Factual Background**

This lawsuit arises from an incident that occurred at WCI on December 30, 2020. In support of the motion for summary judgment, defendant submitted a certified copy of plaintiff's medical records, along with a declaration from Norman Evans, the custodian of inmate records, verifying that the medical records are true and accurate copies of plaintiff's medical records and are kept in the regular course of business by the Ohio Department of Rehabilitation and Correction ("ODRC"). The medical records show that on December 30, 2020, plaintiff was transported to the WCI medical unit after he fell out of a "Gator motor vehicle" while being transported within the penitentiary. (Doc. 2 at PAGEID 37-38; *see also* Doc. 30-1, Exh. A, at

---

[1] Plaintiff's remaining claims were dismissed on *sua sponte* screening of plaintiff's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915(b). (Docs. 6, 22).

PAGEID 176). Plaintiff told medical personnel he was "paralyzed," but plaintiff was "seen moving his extremities" and subsequently "discharged after observation." (Doc. 30-1, Exh. A, at PAGEID 176). The medical records indicate that plaintiff "had a strong odor of alcohol about him." (*Id*.).

On December 31, 2020, plaintiff returned to the medical unit for examination complaining that the back of his head and low back hurt. (*Id*.). Dr. Harlan examined plaintiff and noted that plaintiff "was ambulatory without any apparent difficulties to medical from his cell block" and did not "report any neck pain." (*Id*.). Plaintiff denied "any peripheral numbness, weakness, [or] paresthesias." (*Id*.). Plaintiff further denied "any visual disturbance, nausea, vomiting, [or] dizziness." (*Id*.). Plaintiff expressed to Dr. Harlan that "he did not lose consciousness during th[e] episode." (*Id*.). On physical examination, Dr. Harlan observed that plaintiff was "healthy-appearing" and in "no distress whatsoever." (*Id*.). Dr. Harlan found no "evidence of hematomas or abrasions about the head"; plaintiff had "[n]o C-spine tenderness, step-off or crepitance" with "full active and passive range of motion of the cervical spine []  without apparent discomfort"; he had a regular heart rate without murmur and no "abdominal distention or tenderness or external evidence of trauma [was] noted"; he had "[n]o abrasions, edema, or discoloration or localized tenderness noted over the back, spine, [or] flanks"; there was "[n]o evidence of trauma" in plaintiff's extremities; and he had "intact" motor strength, sensation, and "full range of motion [in] all joints of the upper and lower extremities." (*Id*.).

Following physical examination, Dr. Harlan noted that he did not find "any evidence of trauma" or "evidence of intracranial injury or spinal injury or any type of neurological deficits." (*Id*. at PAGEID 177). Dr. Harlan observed, however, that plaintiff's blood pressure was elevated. (*Id*.). Dr. Harlan reported that plaintiff had a history of hypertension, and plaintiff

"continue[d] to refuse to be compliant with medications." (*Id*.). Dr. Harlan asked plaintiff if he had any questions and plaintiff responded that he did not. (*Id*.). Plaintiff "ambulated out of medical independently with no difficulties." (*Id*.).

Plaintiff relies on the allegations in his amended complaint in support of his motion for summary judgment. (Doc. 34).[2] In his amended complaint, plaintiff alleges he told Dr. Harlan that his "back was hurting" and he had "a knot on the top right side of [his] forehead." (Doc. 2 at PAGEID 39). Plaintiff alleges Dr. Harlan "disregarded" his injuries, failed to "acknowledge the knot on [his] forehead," and did not give plaintiff "pain pills." (*Id*.). Plaintiff further alleges that Dr. Harlan failed to document his injuries "into the computer for notes." (*Id*.).

Plaintiff's amended complaint, however, is not verified, and the allegations contained in the amended complaint cannot be considered in support of his motion for summary judgment or in response to defendant's motion for summary judgment. *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017). To be sure, a prisoner's verified complaint pursuant to 28 U.S.C. § 1746 has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment under Fed. R. Civ. P. 56(e). *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *see also Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). A complaint is verified within the language of 28 U.S.C. § 1746 if it contains language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." *Browman*, 981 F.2d at 904. Plaintiff's amended complaint (Doc. 2) contains no such language and therefore it does not satisfy the requirements of Section 1746. Thus, plaintiff's amended complaint does not constitute evidence showing there is a genuine issue of

---

[2] The Court notes that plaintiff attaches two photographs to his motion for summary judgment (Doc. 34, Exhs. 1, 2, at PAGEID 196-97), which plaintiff alleges show a "knot on the top right side hairline of Plaintiff Anthony Cockroft[']s head." (*Id.* at PAGEID 193). These photographs, however, have not been properly authenticated pursuant to Fed. R. Evid. 901(a), and the Court cannot consider them for purposes of summary judgment.

3

material fact for trial. *See Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment).[3]

## II.     Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Satterfield v. Tenn.*, 295 F.3d 611, 615 (6th Cir. 2002); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

---

[3] The Court need not address this issue further because the record shows there is no genuine dispute that Dr. Harlan did not violate plaintiff's Eighth Amendment rights, and defendant is therefore entitled to summary judgment.

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

**III.     Eighth Amendment**

At the outset, the Court notes that in plaintiff's summary judgment motion, plaintiff asserts he "did not in fact claim[] Deliberate Indifference or that Dr. Harlan violated his [rights under the] 8th Amendment[.]" (Doc. 34 at PAGEID 193). Plaintiff contends that "[i]t was the Court who first stated Plaintiff Anthony Cockroft[']s 8[th] Amendment [rights were] violated due to Deliberate Indifference." (*Id.*). Plaintiff argues that his "only claim [is] that Dr. Harlan did not treat him for his head and back injuries, and in that the doctor talked about his High Blood Pressure when the visit wasn't about his Blood Pressure, but about the incident that occurred on December 30, 2020." (*Id.*).

5

In screening plaintiff's pro se amended complaint and construing the allegations liberally, the Court interpreted plaintiff's claim against Dr. Harlan as a deliberate indifference claim under the Eighth Amendment "based on plaintiff's allegation that [Dr. Harlan] denied him all medical treatment in connection with his injuries." (Doc. 6 at PAGEID 58). Plaintiff did not raise any objection to this specific finding (*see* Doc. 9), and the District Judge adopted the undersigned's Report and Recommendation in its entirety. (Doc. 22). Therefore, to the extent that plaintiff argues he is not asserting a deliberate indifference claim against Dr. Harlan, plaintiff's argument is belied by the record before the Court, and plaintiff offers no alternative basis for his 42 U.S.C. § 1983 claim again Dr. Harlan. Accordingly, because plaintiff's allegations with respect to Dr. Harlan only concern the alleged denial of medical treatment in connection with the injuries he sustained on December 30, 2020, plaintiff's claim against Dr. Harlan is properly construed as a deliberate indifference claim under the Eighth Amendment

The Sixth Circuit has analyzed prisoner claims for failure to provide adequate medical care under the Eighth Amendment deliberate indifference standard. *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1004 (S.D. Ohio 2017). A deliberate indifference claim under the Eighth Amendment has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). While "[a]

serious medical need alone can satisfy this objective element if doctors effectively provide no care for it," *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021) (citing *Rinehart v. Scott*, 894 F.3d 721, 737 (6th Cir. 2018)), where "doctors provide some care and prisoners challenge their treatment choices as inadequate. . . . [P]risoners must show more." *Phillips*, 14 F.4th at 535 (citing *Anthony v. Swanson*, 701 F. App'x 460, 463–64 (6th Cir. 2017); *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The Eighth Amendment's objective component is satisfied only where the treatment provided "is 'so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips*, 14 F.4th at 535 (quoting *Rinehart*, 894 F.3d at 737). Where the plaintiff has received extensive medical care, he must "present expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so." *Id.* at 536 (citations omitted).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in providing inadequate medical care. *Farmer*, 511 U.S. at 834. "A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rhinehart*, 894 F.3d at 738. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, the plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837.

Courts are reluctant to second guess medical judgments in cases involving inadequate medical treatment. *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018). An inmate's "'disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation.'" *Rhinehart*, 894 F.3d at 740 (quoting *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008) (in turn citing *Estelle*, 429 U.S. at 107)). Rather, the plaintiff must present evidence from which a reasonable jury could find that a prison official "consciously expos[ed] the patient to an excessive risk of serious harm." *Id.* at 738-39.

**IV.     Analysis**

Dr. Harlan moves for summary judgment on plaintiff's Eighth Amendment deliberate indifference to medical needs claim. (Doc. 30). Citing to plaintiff's Warren Correctional Institution medical records, which defendant submitted as an exhibit to his motion for summary judgment (Doc. 30-1, Exh. A., at PAGEID 175-84), defendant argues that the facts fail to demonstrate deliberate indifference. First, defendant argues that "the undisputed medical record establishes that on December 31, 2020 Dr. Harlan thoroughly examined Mr. Cockroft and found that he had suffered no injuries other than elevated blood pressure as a result of the Gator incident which allegedly occurred the previous day." (Doc. 30 at PAGEID 167). Second, defendant argues there are no facts to establish that Dr. Harlan was "subjectively aware of an excessive risk to Mr. Cockroft's health and/or safety as a result of his fall from the Gator but nonetheless ignored that risk." (*Id.* at PAGEID 169). Thus, defendant argues that no genuine issue of material fact exists as to the objective or subjective components of plaintiff's deliberate indifference claim. (*Id.* at PAGEID 170-71).

In response, and as asserted in his own motion for summary judgment, plaintiff argues that he has established a genuine issue of material fact as to whether Dr. Harlan provided him

8

with proper medical care following the incident that occurred on December 30, 2020 because Dr. Harlan "clearly disregarded" his "head and back injuries." (Doc. 34 at PAGEID 193; *see also* Doc. 2). As best the Court can discern, plaintiff argues that Dr. Harlan was deliberately indifferent because if Dr. Harlan would have properly examined him, "Dr. Harlan would have notice[d] the knot on the top right side hairline of Plaintiff Anthony Cockroft['s] head." (*Id.*). Plaintiff argues that because Dr. Harlan only treated him for high blood pressure, Dr. Harlan ignored his head and back injuries, and was therefore deliberately indifferent by failing to look "for any evidence of trauma while he exam[ined] Plaintiff Anthony Cockroft." (*Id.* at PAGEID 194).[4]

In defendant's reply memorandum, Dr. Harlan argues that the medical records show that Dr. Harlan examined plaintiff and found him to be "in no distress whatsoever." (Doc. 35 at PAGEID 201, quoting Doc 30-1, Exh. A, at PAGEID 176). Defendant contends that the medical records do not show that "Dr. Harlan knew of and disregarded an excessive risk to Mr. Cockroft's health or safety" as required for an Eighth Amendment deliberate indifference claim. (*Id.*) (citing *Farmer*, 511 U.S at 837).

Dr. Harlan is entitled to summary judgment on plaintiff's Eighth Amendment deliberate indifference claim as a matter of law. Plaintiff has not produced any evidence to show that there is a genuine factual dispute as to whether Dr. Harlan violated plaintiff's Eighth Amendment rights. The evidence proffered by Dr. Harlan demonstrates that Dr. Harlan pursued an appropriate course of treatment and was not deliberately indifferent to plaintiff following the incident that occurred at Warren Correctional Institution on December 30, 2020. Nothing in the record evidence shows that Dr. Harlan was aware of facts from which he could infer that plaintiff

---

[4] Plaintiff alleges that "video footage shows that[] Dr. Harlan 'was not' looking for any evidence of trauma while he examined" plaintiff. (Doc. 34 at PAGEID 194). Plaintiff, however, did not attach any such video footage.

9

faced a substantial risk of serious harm and that he consciously disregarded that risk. To the contrary, the undisputed evidence shows that on December 31, 2020, Dr. Harlan examined plaintiff after he allegedly sustained injuries while being transported within the penitentiary. (Doc. 30-1, Exh. A, at PAGEID 176). Although plaintiff alleges in his amended complaint that Dr. Harlan "disregarded" his injuries and failed to "acknowledge the knot on [his] forehead" (Doc. 2 at PAGEID 39), plaintiff has presented no evidence to support these assertions. In addition, these allegations are belied by the undisputed medical record, which shows that Dr. Harlan personally examined plaintiff on that date and listened to plaintiff's complaints. (Doc. 30-1, Exh. A, at PAGEID 176).

Specifically, the medical record shows that plaintiff "was ambulatory without any apparent difficulties to medical from his cell block" and did not "report any neck pain." (*Id.*). Dr. Harlan further conducted an extensive physical examination of plaintiff, including examination of plaintiff's head and neck, and concluded that plaintiff was "healthy-appearing" and in "no distress whatsoever." (*Id.*). Dr. Harlan also noted that there was no "evidence of hematomas or abrasions about the head"; plaintiff had "[n]o C-spine tenderness, step-off or crepitance" with "full active and passive range of motion of the cervical spine [] without apparent discomfort"; he had a regular heart rate without murmur and no "abdominal distention or tenderness or external evidence of trauma [was] noted"; he had "[n]o abrasions, edema, or discoloration or localized tenderness noted over the back, spine, [or] flanks"; there was "[n]o evidence of trauma" in plaintiff's extremities; and he had "intact" motor strength, sensation, and "full range of motion [in] all joints of the upper and lower extremities." (*Id.*). Moreover, following Dr. Harlan's physical examination of plaintiff, Dr. Harlan stated he did not find "any evidence of trauma" or "evidence of intracranial injury or spinal injury or any type of

neurological deficits." (*Id.* at PAGEID 177). Dr. Harlan advised plaintiff "to notify the medical department if he developed any new symptoms" and to "return to the clinic" as needed. (*Id.* at PAGEID 177).[5]

Plaintiff fails to establish a genuine issue of fact that he met the objective component of his deliberate indifference claim. The undisputed medical evidence shows plaintiff suffered no trauma to his head or neck. On physical examination, plaintiff was neurologically intact; he had full range of motion in all his joints; and he displayed intact motor strength and sensation of his extremities. To the extent plaintiff complains Dr. Harlan failed to acknowledge the "knot on his forehead," plaintiff has not provided any medical evidence to create an issue of fact that Dr. Harlan's examination was grossly inadequate. *Phillips*, 14 F.4th at 536. In the absence of such evidence, plaintiff cannot establish he suffered a serious medical need.

Even if the Court were to find that plaintiff established the objective component of his Eighth Amendment claim, Dr. Harlan is nevertheless entitled to summary judgment as plaintiff has failed to satisfy the subjective component of the claim. As stated above, to satisfy the subjective component of his deliberate indifference to medical needs claim, plaintiff must put forth evidence that Dr. Harlan actually knew of a serious risk to his health and consciously disregarded that risk. *Farmer*, 511 U.S. at 839, 844. The undisputed medical evidence shows

---

[5] In claims involving a prison's failure to treat a condition adequately, "medical proof is necessary to assess whether the delay caused a serious medical injury." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Blackmore*, 390 F.3d at 898). In order to satisfy the objective component of an Eighth Amendment deliberate indifference claim, a prisoner must provide "verifying medical evidence of the detrimental effect of the delay." *Id.* Plaintiff has failed to present this evidence. Instead, plaintiff relies on the allegations in his unverified amended complaint in response to defendant's properly supported motion for summary judgment. Plaintiff has not responded to defendant's motion for summary judgment "with any admissible sworn statements, depositions, answers to interrogatories, or affidavits" as required by Rule 56. *Maston*, 832 F. Supp. 2d at 852. To the extent that plaintiff alleges that he had lingering headache symptoms from the December 2020 accident, medical records from plaintiff's next infirmary visit on February 4, 2021 show plaintiff's headaches went away with rest and sleep. (Doc. 30-1, Exh. A, at PAGEID 179). Plaintiff has not presented any evidence showing that his headaches, which resolved with rest and without any further treatment, constitute an objectively serious condition under the Eighth Amendment.

11

that Dr. Harlan performed a thorough medical examination of plaintiff after the December 31, 2020 incident. Dr. Harlan found plaintiff suffered no "evidence of trauma." (Doc. 30, Exh. A, at PAGEID 177). Dr. Harlan assessed no "intracranial injury or spinal injury or any type of neurological deficits." (*Id.*). Dr. Harlan advised plaintiff to return to the medical unit if he developed any further symptoms.

Plaintiff presents no evidence creating a genuine issue of fact that Dr. Harlan was aware that plaintiff's accident posed a serious risk to his health. Nor does plaintiff present evidence showing Dr. Harlan, through his examination and advice, disregarded any such risk. There is no evidence that plaintiff developed further symptoms for which he sought treatment that Dr. Harlan ignored. Accordingly, plaintiff cannot establish the subjective component of his deliberate indifference to medical needs claim.[6]

In essence, plaintiff's "claim amounts to a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment [which] does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) (citing *Estelle*, 429 U.S. at 107 and *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). It is well-established that "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citing *Street v. Corrections Corp. of America*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer*, 62 F.3d at 154-55; and *Westlake*, 537 F.2d at 860 n.5).

---

[6] To the extent that plaintiff alleges Dr. Harlan was deliberately indifferent by discussing with plaintiff his high blood pressure and history of hypertension (Doc. 2 at PAGEID 39), plaintiff fails to explain how this conduct by Dr. Harlan establishes either prong of the deliberate indifference standard.

12

In *Owens*, 79 F. App'x 159, the Sixth Circuit granted the defendants' motion for summary judgment on the plaintiff's deliberate indifference claim because the plaintiff's argument amounted to a disagreement with his physicians over the proper course of treatment. There, the plaintiff alleged that a prison physician, among other defendants, violated his Eighth Amendment right to adequate medical care by failing to treat his hepatitis C virus with certain medication. *Id.* at 160. Although the plaintiff "adequately alleged that he suffered from an objectively serious medical condition," the Court of Appeals determined that the defendant was not "deliberately indifferent to this condition" because the plaintiff "submitted no evidence that contradict[ed] or otherwise call[ed] into question the defendants' medical assessment or treatment decisions." *Id.* at 161. *See also Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008) (A doctor's failure to provide a specific treatment does not establish a constitutional claim of deliberate indifference).

In this case, like *Owens*, plaintiff disagrees with the course of treatment and steps taken by Dr. Harlan concerning injuries he allegedly sustained while being transported within the penitentiary. Plaintiff, however, fails to provide any evidence that would "contradict or otherwise call into question" Dr Harlan's "medical assessment or treatment decisions." *Owens*, 79 F. App'x at 161. Plaintiff has failed to present evidence creating a genuine issue of fact as to whether Dr. Harlan was deliberately indifferent to any need for treatment after the December 2020 incident.

Plaintiff has submitted no evidence that contradicts or otherwise calls into question Dr. Harlan's medical assessment or treatment decisions. Because plaintiff cannot rest on the mere allegations of his pleadings, and because the evidence establishes that Dr. Harlan was not

13

deliberately indifferent to plaintiff's medical needs, summary judgment should be granted in favor of Dr. Harlan.[7]

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (Doc. 30) be **GRANTED**.

2. Plaintiff's motion for summary judgment (Doc. 34) be **DENIED**.

Date: 8/8/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[7] Dr. Harlan also argues that he is entitled to qualified immunity. (Doc. 30 at PAGEID 171-73). Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court need not address whether Dr. Harlan is entitled to qualified immunity because the record shows there is no genuine dispute of material fact as to whether Dr. Harlan violated plaintiff's Eighth Amendment rights and therefore, as a matter of law, Dr. Harlan is entitled to summary judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY COCKROFT,                      Case No. 1:21-cv-676
    Plaintiff,                                      Black, J.
                                                      Litkovitz, M.J.
    vs.

BILLY STARKEY, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).