UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY COCKROFT, | : | Case No. 1:21-cv-676 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| BILL STARKEY, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 39)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. 28 U.S.C. § 636(b). Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 8, 2023, submitted a Report and Recommendations. (Doc. 39). Specifically, the Magistrate Judge recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (*Id.*) Plaintiff timely filed objections. (Doc. 40). Defendant responded to those objections. (Doc. 41).

This case arises from an incident that occurred at Warren Correctional Institutional on December 30, 2020. Specifically, Plaintiff Anthony Cockroft was allegedly being transported on a Gator motor vehicle, fell off the vehicle, and sustained injuries. After initial review of Cockroft's complaint, all of Cockroft's claims were dismissed except for Cockroft's Eighth Amendment medical treatment claim against Defendant Dr. Harlan, who treated Cockroft after the incident. (Doc. 22).

On review, Cockroft's objections are not well-taken. As an initial matter, most of the statements made in Cockroft's "objections" are not specific to the Magistrate Judge's R&R, but rather a general disagreement with the potential outcome of his case.[1] Accordingly, these are improper objections and not well-taken.

Liberally (and very generously) construing Cockroft's objections, Cockroft raises two arguments, which the Court will take in turn.

First, Cockroft argues that judgment should have been entered in his favor when Dr. Harlan failed to timely answer and when Cockroft applied to the Clerk for an entry of default. (Doc. 40 at 2). But, Dr. Harlan was granted leave to file, and did file, his answer prior to Cockroft applying for an entry of default. (Doc. 17). Accordingly, Cockroft's first objection is not well-taken and overruled.

Second, Cockroft suggests that the Magistrate Judge erred when finding that Cockroft failed to present any evidence creating a genuine dispute of material fact. (Doc. 40 at 2). Specifically, Cockroft argues as follows: "I provided everything that's given to me in prison. I provided pictures of the knot on my forehead via Jpay, because Defendant Harlan didn't take an e-ray/picture/notice my injuries." (*Id*.)

---

[1] "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

This objection is also not well-taken. The ***only*** evidence proffered by Cockroft was two self-portraits, purportedly taken a week after the incident, that supposedly showed a knot on his forehead.² (Doc. 34 at 5-6). But, regardless of these photos, and as the Magistrate Judge repeatedly emphasized, Dr. Harlan provided care to Cockroft after the incident and Cockroft disagreed with Dr. Harlan's care, but Cockroft failed to provide ***any*** medical evidence to create an issue of fact that Dr. Harlan's medical care was so grossly inadequate as to shock the conscience or to call into question Dr. Harlan's medical decision. (*E.g.*, Doc. 39 at 11 (citing *Phillips v. Tangilag*, 14 F.4th 524 (6th Cir. 2021)). Indeed, as the Magistrate Judge correctly concluded, Cockroft's claim amounts to a difference of opinion with Dr. Harlan's course of treatment, which does not amount to an Eighth Amendment claim. (*Id.* at 13).

---

² Without any objection raised by Dr. Harlan, the Magistrate Judge *sua sponte* declined to consider Cockroft's photos, finding that the photos were not properly authenticated pursuant to Fed. R. Civ. P. 901(a). (Doc. 39 at 3, n.2). **Cockroft did not object to that finding**. However, although the undersigned agrees with the Magistrate Judge that there may be concerns with the authenticity of the photos, before declining to consider the photos, a better course of action would have been to give Cockroft the opportunity to show that the photos could be admissible at trial. *See Swank v. Hale*, No. 2:12-CV-1031, 2016 WL 1156517, at *3 (S.D. Ohio Mar. 24, 2016) (quoting Fed. R. Civ. P. 56(c)(2)) (Rule 56 "permits courts to consider unauthenticated materials, while providing an adverse party the opportunity to object to material that the party believes 'cannot be presented in a form that would be admissible in evidence.'"); *Foreword Mag., Inc. v. OverDrive, Inc.*, No. 1:10-CV-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011) ("the [2010] amendment [to Rule 56] replaces a clear, bright-line rule ('all documents must be authenticated') with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial"). Even so, after considering the photos in the spirit of fairness, the Court concludes that the Magistrate Judge's refusal to consider the photos constituted a harmless error because the photos would not change the outcome. The photos—which Cockroft contends show a "knot" on his forehead that he purportedly sustained in the incident—were taken a week after the incident and offer no support that any "knot" on Cockroft's forehead resulted from the incident. Moreover, as discussed *infra*, the photos do not change the outcome that Cockroft failed to provide any medical evidence creating an issue of fact as to Dr. Harlan's care.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the R&R should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendations (Doc. 39) is **ADOPTED**.

2. Plaintiff's objections (Doc. 40) are **OVERRULED**.

3. Defendant's motion for summary judgment (Doc. 30) is **GRANTED**.

4. Plaintiff's motion for summary judgment (Doc. 34) is **DENIED**.

5. Pursuant to this Decision & Entry and the Court's prior Decision & Entry (Doc. 22), the Clerk shall enter judgment as follows, then close the case:

    a. Plaintiff's complaint against Nurse Craft and Warden Jackson is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

    b. Plaintiff's complaint against CO Starkey, to the extent he asserts a 28 U.S.C. § 1983 claim, is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint against CO Starkey, to the extent he asserts a state negligence claim, is **DISMISSED without prejudice**; and

    c. Plaintiff's Eighth Amendment claim against defendant Dr. Harlan is **DISMISSED with prejudice** as a matter of law.

6. The Court **CERTIFIES** that pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 9/7/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge